James W Edwards,
V.

RECEIVED
Mail Room
JUN - 2 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Case No 03-cr-234 (JDB)

*Let this be filed.

_____   _____
John D. Bates        Date
U.S. District Judge*

1 OF 1 pg   United States of America

Defendant Response to Government's
OPPosition: IF Defendant Pro se, Compassionate Release

The Defendant respectfully ask This court
To Grant His motion for Compassionate
release As Grounds For the defendant
request He states,

As outlined in A motion
to the courts An order was Giving By the
Honorable (JDB) Judge John D Bates on
2-11-2022 for the Government to respond
to defendant's motion by not later than
March 4, 2022 see attached minutes order
The Government was time barred by the
Judges order to File it's OPPosition to the
Defendant motion on 3-18-2022 Two
weeks later without an extention OF time
From the Court's Nor was that extention iF
The Government was Granted. That order was
Not sent to the defendant whom is Filing
His motion under Pro se. The Defendant
Respectfully ask the court to dismiss the
Governments OPPosition As invalid at it's late
submission and Grant his motion For
Relief.

Respectfully Submitted

James W Edwards

James W Edwards

V

Case NO 03-Cr-234(JDB)

PG, 1

United States OF America

Defendant's response to Government Opposition to Pro se, 18 u.s.C 3582-(c)(1)(A) Compassionate Release motion

The Defendant James W Edwards respectfully Submits His 3rd Pro se, motion For Compassionate Release Pursuant to 18 u.s.C §3582(c)(1)(A) The defendant cites His medical conditions OF Obesity Prior Lung Damage, and Loss OF vision. Obesity and The Defendant's Previous lung damage Creates servere risk Factors if He was to contract Covid-19 or any of it's various variants Omicron, Long Covid, CarFi A., Jama. 2020, 324(6):603 605. Having any of these conditions will increase the defendant chances of Finding hisself Hospitalized in a weaken state with higher chances Of morbidity. The Federal medical centers appears to be the most recent epic center this year alone in Numerous institutions Federal institutions there has been a continued number of remarkable cases and deaths within the Bop 4 Deaths to Note in Dorans Low Facility, FMC SpringField 15 deaths, Ashland Low, 6 deaths Including 1 death here at FCI Beckley All From Covid-19.

PG-2

The Bad news. It is evident that (DOJ) has effectively given up on effectively Treating Covid-19 Cases, contenting itself to censoring emails and outgoing mail. Despite clear medical evidence that shuttling prisoners around the system and mixing positive and negative cases would spread infection of the highly contagus virus, It did exactly that, Overwhelming its own Abysmal health care system, and Forcing CDC and state national guard "bail outs" of its self-aggravated crisis. It continues to repeat these same mistakes system-wide. Mr. Edwards feels the FBOP continues to put him at risk to contract this virus, It is time to treat this sad catastrophe like A crime scene as prisons including FCI Beckley Continue to ship and accept Hundreds Of New inmates each week with New Bus loads. There are reports Of the Pfizer and moderna vaccines being distributed to already compromised individuals. The Defendant Feels that the FBOP is Reckless in it's treatment Of the Pandemic, Although vaccines are being administered it is being done in A unsafe way that will not Protect the defendant From contracting the virus with the little Protection

PG,3

That the vaccines give.

The Government has argued in Previous opposition motion's along with It's recent opposition that the defendant medical conditions do not constitute extraordinary and Compelling reasons For early release based on increase risk OF severe illness or death. From cond-19 becaused he is Fully vaccinated against Covid-19 see page two of Government opposition." March 31, 2022 USA Today article "Do I need A second Covid vaccine booster? Strongly Contest The Government's Theory of the vaccine assessment it makes!! what Qualifies as an underlying medical Condition?" A: studies show that people who have certain medical conditions are more at risk of developing [severe] severe disease From Covid-19, The CDC says. These medical conditions include Obesity which mr Edwards suffers from, diabetes, Chronic lung, kidney or liver disease, heart disease, smoking, Pregnancy and many mental health conditions. The CDC completed A review For each Condition to ensure it met the Criteria to be on the list, but urged

PG,4

People to talk to their health care Provider
about their risk as some conditions
may not appear on the list]. The FDA
cited an ongoing study IF A Fourth booster
shot that will be needed. Studies show
vaccine effectiveness declines Three to six
months after the intial booster, and A second
booster can improve protection against severe
disease.

Is those studies and Test continue
it is unclear how many vaccine shots will be
needed to Finally be Protected From this virus
and the defendant remains to be at High
risk while confined in FBOP custody on
A small compound with new inmates arriving
weekly at FCI Beckley. Mr Edwards
is Housed in Pine A upper Housing unit while
The quarantine unit is right below him Pine
A Lower these unit's share the same ventilation
system you can actually talk through the vent
to inmates Down Stairs in quarantine, That
Statement is to suggest How we are breathing in
the Same eir as those individuals who are
meant to be quarantine away From the inmate
Population with Covid-19 being A Airborn virus
USA Today March 31 2022 Article attached. or google
USA Today March 31, 2022  DO I need A second booster

PG,5    Applicable Legal Principles

In the First step Act of 2018, Pub L, 115-391,
132 stat, 5194, Congress amended 18 USC
§ 3582 (C)(1)(A)(i) to allow A defendant to
File A motion For A reduction of sentence based
on extraordinary and compelling reasons Prior to
this amendment, the BOP was the sole entity
allowed to File such A request, Now, A defendant
may File such A motion either (1) after he
has Fully exhausted all aministrative rights
to appeal a Failure of the Bureau of Prisons
to Bring a motion on the defendant's behalf
or (2) after the lapse of 30 days From the
receipt of such A request by the warden of
the defendant's Facility, whichever is earlier
First step Act § 603(b) section 3582(C)(1)(A)
provides, in relevant part, that the court may
reduce the term of imprisonment, after considering
the Factors set Forth in 18 USC §] 3553(a) to the
extent they are applicable, if it Finds that –"
(i) extraordinary and compelling reasons warrant
such A reduction, and that such A reduction is
Consistant with applicable policy statements
issued by the Sentencing Commission

PG,6

18 USC § 3582 (c) (1) (A)

The Sentencing Commission's applicable
guidance was issued before the passage of
the First step Act and has not been amended
to account for the statutory changes to § 3582
Accordingly, courts have held that "the
most sensible interpretation of the sentencing
Commission's existing policy statement provides
helpful guidance on the Factors that support
Compassionate release, although it is not
ultimately conclusive." United States v. Bucci,
409 F. Supp. 3d 1,2 (D, Mass, 2019) (quoting
United states V. Fox, 2019 WL 3046086 jat #3
(D, Me. July 11, 2019)); see also united states
V Beck, 425 F. Supp. 3d 573, 579 (M,D, NC, 2019)
("while the old policy statement provides helpful
guidance, it does not constrain the court's
independent assessment of whether 'extraordinary
and compelling reasons' warrant A sentence
reduction under § 3582 (c)(1)(A)(i).").
Tracking the language of the statue, the Guidelines
suggest that A sentence reduction may be
warranted if "the Court determines that —"
(1) Extraordinary and compelling reasons warrant the
reduction; or

PG, 7

(B) The defendant (i) is at least 70 years old, and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g), and

(3) The reduction is consistent with [this] policy statement.

U.S.S.G § 1B1.13.

The Commission then set forth four categories qualifying as extraordinary and compelling: (1) terminal illness; (2) debilitating physical or mental health condition; (3) advanced age and deteriorating health in combination with the amount of time served; and (4) Compelling Family Circumstances, see U.S.S.G § 1B1.13 appl. n.1 (A)-(C). But recognizing these categories might not encompass the entire range of compelling reasons, the Commission added a catch all—"other reasons"—which may act "in combination" with the prior categories or may be applied wholly independently.—

PG. 8

See U.S.S.G § 1B1.13 (Appl. n. 1(D).[24] the Guidelines application notes Further recognize that, "The court is in A unique position to determine whether circumstances warrant A reduction." Id. Appl. n.4. Thus, read as A whole, The application.

To the extent that application note 1(D) restricts "other reasons" in addition to those "determined by the Director of BOP," it conflicts with the First Step Act's statutory amendments and does not apply. See United States v. Cantu, 423 F. Supp. 3d 345, 350-51 (S.D. Tex 2019) instead, read in light of First Step Act, it is consistent with the old Policy statement and with the commission Guidance more generally For courts to exercise similar discretion as that previously reserved to the BOP Director in evaluating motions by defendants For compassionate release." Beck, 425 F. Supp. 3d at 583. Even before the First step Act, the Commission recognized "that Courts are in A 'unique' position to determine whether such circumstances are present." Id. at 583, 583 n.11; U.S.S.G. § 1B1.13 appl. n.4.

PG,9

Notes suggest a flexible approach which considers all relevant circumstances." Beck, 425 F. Supp. 3d at 582.

The First Step Act" was enacted to further increase the use of compassionate release and... explicitly allows courts to grant such motions even when BOP finds they are not appropriate." Id. at 579. Indeed, by permitting defendants to file sentence reduction motions directly with the sentencing court regardless of whether the BOP's has weighed in, the First Step Act reflects Congress' aim to diminish the BOP's control over compassionate release. See Cantu, 423 F. Supp. 3d at 351 (explaining that "defendants no longer need the blessing of the BOP to bring such motions")

The court may determine whether a defendant's conditions are extraordinary and compelling, independent of the reasons provided by the sentencing Commission or the BOP. Courts have concluded that, after passage of the First Step Act, compassionate release is not limited by the Commission's or the BOP's understanding of "extraordinary and compelling reasons," and that courts can thus determine those reasons. See United States v. Urkevich, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019) United States v. Balleny, 2019 —

PG.10

WL 3340699, at *2 n.5 (D. Minn. July 25, 2019)
(citing lower court decisions); Beck, 425 F.
Supp. 3d at 579 (noting that the First Step
Act "was enacted to further increase
the use of compassionate release and...
explicitly allows courts to grant such
motions even when BOP finds they are not
appropriate"); Cantu, 423 F. Supp. 3d at 349
-52

(1) Extraordinary and Compelling Reasons warrant
an immediate reduction in Mr. Edwards
sentence to time served.

   It is clear beyond cavil that the present
Global Health crisis is like NO other in modern
times, and that it presents extremely serious
heath risk to all individuals especially those
who, like Mr. Edwards are presently detained.
United States v. Johnson, No. 15-cr-125 (KBJ),
2020 WL 2515856, at *9 (D.D.C. May 16, 2020).
When Mr. Edwards was sentenced, the "sentencing
court" did not, and could not, envision requiring
him to serve the sentence while "incurring A
great and unforeseen risk of [serious] illness" or
death brought on by A Global pandemic." Id. at
*13 (quoting United States v. Zukerman, 2020 WL

PG,11

The Prevalence of a novel and potentially deadly strain of coronavirus or one of it's variants in the Facility where Mr. Edwards is housed and one of his Fellow inmates and associates from his home town wash, D.C. Passed away Christmas night from contracting Covid-19 in the same unit Mr Edwards sleeps in, Coupled with the established Fact Mr. Edwards has certain Preexisting medical conditions that put him at higher risk of being harmed if he contracts Covid-19 Qualifies as an extraordinary and compelling reason" and warrants A reduction of his sentence, Johnson, 2020 WL 2515856, at *2 in addition Mr. Edwards Has served his time For his Primary offense in A superior court case serving 12 yrs on A 14 yrs sentence, Mr Edwards is currently serving A 26 month Supervision violation which this court impose after Mr. Edwards Rearrest Mr. Edwards Has Also Served 79 months on his original sentence and is currently serving A violation from His supervision on that very case, Mr. Edwards Personal History, Characteristics, and medical conditions make him Particularly vulnerable to Covid-19 and highten his risk of serious Complications

PG, 12

Mr Edwards is not A Danger to the
Community and his continued incarceration
is Greater than necessary to accomplish
the Goals of sentencing.

Contrary to the government's unsupported
assertion, mr edwards is "deserving of A
sentence reduction" Gov't opp'n at 3 C.
Need For sentence imposed. Mr Edwards
has served A long harsh sentence. Reducing
his sentence would not undercut the seriousness
of his crime or put the Community in danger.[37]
Rather, it would reflect an appropriate consideration
of the sentencing Factors today in light of
the FSA and current Pandemic Mr Edwards
Has Had 5 incident reports over his 12 yr
stint in prison through the slight Bumps
during his imprisonment he has maintain A Proactive
use of his time in prison preparing For his
reintergration into the community. Focusing on
Being A stand up Guy whom is law biden citizen,
Family man hard worker & Business savvy
Looking to network and build Positive business
relationships and personal relationships and living
A Trouble & crime Free lifestyle.

PG,13

Any risk Mr. Edwards may Pose to the community
Can be mitigated by supervision, including
home confinement. The Courts could impose
home confinement as, an additional Condition
of supervised release, for up to the remainder
of Mr. Edwards Original term of imprisonment
Cuntil approximately December 4, 2024 his
Current proJected release date). See 18 U.S.C.
3583(e)(4) (Providing that home confinement
maybe imposed alternative to incarceration)
United States V. Zuckerman, 1:16-cr-194 dkt # 119
CS.D.N.Y. Apr.3, 2020) (sentence of imprisonment
modified to time served with remaining Portion
of original term to be served as supervised
Release with conditions that defendant be
subject to home incarceration without electronic
monitoring) united states V. Atwi, NO. 4:18-cr-20607
dkt # 38 (E.D. mich. Apr 20, 2020) sentence Reduction
to time served and period of supervised release
extended by amount of time remaining on Custodial
Sentence, Three months, with those months to be
served on home confinement without electronic
monitoring); United States V. Sanchez, No 3:18-cr-140
2020 WL 1933815 (D. Conn Apr 22, 2020)
(Granting Motion for Compassionate release modifying
term of incarceration to time served, increasing period

Pg, 14

For First year of release.) United States V. Williams, No, 3:04-cr-95, 2020 WL 1751545 (N.D. Fla. Apr. 1, 2020) reducing sentence to time served adding conditions of supervised release that the defendant be subject to one year on home confinement); United States V. Burrill, No: 17-cr-491 2020 WL 1846788 (N.D. Cal Apr. 10, 2020) ordering the remaining portion of defendant sentence original term to be served As supervised Release with the special condition Burrill shall be subject to home confinement"); United States V. Early, No. 1:09-cr-282, dkt# 132 (minute entry May 5, 2020) Amending conditions of supervised release as part of compassionate release" Grant to require First six months be on home detention with location monitoring)

Mr Edwards would positivly benefit by serving His violation sentence on home confinement. By being able to work and save money while staying at home with his step mom, building A nest egg to get his own place of residence once his home detention is up and he has gain Some Financial balance and created A positive money Flow.

PG, 15

The Government also make arguements
about the Defendant's rehabilitation and
Program efforts do not warrant release.
See H.R. 5682-First step Act (5) Risk
Reassessments and Level Adjustment - A
Prisoner who successfully Participates in
evidence-based recidivism reduction
Programming or productive activities shall
receive periodic risk reassessment not less
often than annually, and a prisoner determined
to be at a medium or high risk of recidivating
and who has less than 5 years until his or
her projected release date shall receive more
Frequent risk reassessments. IF the reassessment
shows that the prisoner's risk of recidivating or
specific needs have changed. The Bureau of Prisons
shall update the determination of the prisoner
to appropriate evidence-based recidivism
reduction programming or productive activities
based on such changes. See 3634 Report
(1), (2) (A)(B)(C), (3) (A)(B)(C) (D)(E)(F), (4) (A)(B)(C),
(5), (6), (A)(B), (7) Also see § 3635 definitions
(1) (A)(B)(C) "(i)" "(ii)" "(iii)" "(iv)" "(v) "(vi) "(vii) "(viii)
("(ix) "(x) "(xii) "(xiii)

PG/6

Mr. Edwards asserts that he Truely regret his past decision and those People whom his ill choices and actions Hurt and affected the most, Along with his immediate Family by being removed From their lives For over a decade and Also his son entire life thus far whom was born 7months after the defendant's arrest.. Mr Edwards Has PreParced A clear and precise release plan he submitted to the warden has met the requirements Of Filing his release Plan see 857114 initiation of request – extraordinary or Compelling Circumstances which the Defendant submitted to the warden and after 30 days and an answer From the warden, the Defendant File to the court's meeting the requirements Giving to him by institution staff to file 3582 (C)(1)(A) to the warden and the Courts which the Government says is Not appropriate. Mr Edwards provided contacts and addresses and Phone numbers of his brother and step mom and Also Job reffernces, Mr Edwards address has never changed he paroled to his same home address iN 2009 after serving 79 months iN this District Court case See FBOP compassionate release Program Statement 5050.50

PG, 17

His stepmom and brother has written Previous letters of support in his last Compassionate release motion. Also His stepmom and Brother has written letters to satisfy the Government Curiousity that he would be allow to stay in his home and that his Brother will indeed Pick him up and Drive Him there Also Mr Edwards Has Job opprotunities available to him and has left the name and contact of that resource For A Job At ChickFilet. Also Mr Edwards can Join many of the programs DC, Has to offer For Guys Just coming home such As Project impowerment, DPW, UPO Building, Mr Edwards Also Can be bonded as an exFelon which open his chances to many Job opprotunity with him being insured by the Government and certain tax breaks A company can earn From taking Mr Edwards on as An employee All of which Mr Edwards Plan to explore. There fore Mr. Edwards Time For his primary Charge has been served, And Assures the court he is Not a danger to the community and ask the court respectfully to consider all his Programming efforts to Change and Challenge his way of thinking Developing New positive habits,

PG, 18

His underlying Conditions and the threat
and risk being incarcerated still poses
to his health and safety. The covid-19
Pandemic is extraordinary and unprecedented
in modern times" and poses a particularly
"clear and present danger" to incarcerated
individuals, United States V. Johnson No. 15-cr-
125, (KBJ) Tr. (Apr 27, 2020) at 33, ECF No. 217
Mr Edwards is an African American male
with A history of chronic Alcohol and drug
addiction smoking PCP and Marijuana
and current serious health conditions
suffering from Obesity, Prior lung Damage,
Vision loss, and being Pre Diabetic, which
results in him being drained of energy
Throughout the day constantly Feeling
Tired and running Short on breath quick
Mr Edwards has went to psycology
Doctor expressing his being tired throughout
the day and drained of energy mistaking it
as depression or stress. and was prescribed
Zoloft by Psychologist which he refused to
take after consideration and how easy he
was diagnosed and prescribed the medication
after A 3 minute conversation with pych Doctor
June at FCI Berlin his former housing institution

PG,19

<u>Incarceration</u> of the defendant at [this]
this stage is not to promote respect for the
law as the government asserts with mr Edwards
at his mandatory date for charges he plead
Guilty to in superior court. The Time Judge
Anakery thought to be an sufficent punishment
has been served by the defendant, Also A 79
month sentence imposed by Judge John DiRatas
which the defendant previously served
satisfying the time handed down by A U.S.
District Court Judge, As for Mr Edwards
current detaining order of incarceration
serving A 26 month violation The U.S. District
Court Judge (JDB) could not have envisioned
we As A Nation or the world for that matter
would be in A Global and deadly pandemic
That has claim the lives of millions of Americans
and People Aboard and Also That the
defendant would be met by a challenge to
serve his 26 month penal violation incarcerated
Due to his health and safety and underlying
risk Factors which makes him vulnerable than
most being obase, having prior lung Failure, being
African American with these concerning health condition
Leaves Mr. Edwards At high risk for hospitalization o
death From the Covid-19 virus

PG, 20

As an initial matter The Fatality rate of Covid-19 is highest in men, and the disease disproportionately infects males and African Americans. For These reasons Here in the intirety of this Pro se, motion The defendant respectfully submits this motion of Compassionate release For sentence reduction and ask that this court grant his motion.

Respectfully submitted.

James W Edwards

Date 4-15-2022